BARNES, Respondent, vs. STACY and another, Appellants.

*February 3 — February 24, 1891.*

*Contract: Evidence of performance: Depositions as rebutting evidence.*

1. In an action to enforce a lien for machinery furnished the defendants for a mill, in part under a written contract and in part upon subsequent orders, evidence that the plaintiff was ready to ship the contract machinery before the time agreed, and so notified the defendants, and that the latter requested him to delay shipment until that and the other machinery wanted could be shipped all together, and that the ordered machinery was selected by the defendants, and all was afterward received and used by them, and no injury was caused by the delay, *held* sufficient to sustain a verdict that the plaintiff had performed his contract.

2. To permit depositions to be read in rebuttal, upon a point as to which both parties had given evidence, is within the discretion of the trial court; and the fact that some portions thereof were read with the rest, which contained irrelevant matter, not prejudicial to the defeated party, is not ground for a reversal of the judgment.

3. In submitting questions to a jury for a special verdict, there is no valid objection to submitting one which calls for an answer that is substantially a general verdict.

APPEAL from the Circuit Court for *Waupaca* County.

Action to foreclose a lien for machinery furnished by plaintiff to defendants, and by them used in the erection of a mill.

The defendants, by way of counterclaim, sought to recoup damages sustained by reason of such machinery not having been furnished within the time agreed, and of its imperfect and defective character, and also to recover for certain property left with plaintiff to be disposed of for them, and never accounted for.

Numerous questions were submitted to the jury for a special verdict, the last of which was, "Do you find that plaintiff, on the whole case, is entitled to recover, and if so, what amount," all of which questions they answered favor-

Barnes vs. Stacy and another.

ably to the plaintiff.   From a judgment in accordance with the verdict, the defendants appeal.

For the appellants there was a brief by *Thorn & Guernsey*, and oral argument by *G. T. Thorn*.   They contended that the admission in rebuttal of certain depositions was error, because they contained irrelevant matter, which was merely cumulative of plaintiff's other testimony and did not rebut any evidence adduced on the part of defendants, and they tended to prejudice and confuse the jury.  *Scripps v. Reilly*, 38 Mich. 10.   The answers of the jury to a majority of the questions submitted to them were contrary to the evidence, and it is the duty of this court to set aside the verdict and grant a new trial.   *Lionberger v. Pohlman*, 16 Mo. 392; *Boatman's Savings Bank v. Overall*, 16 id. 514; *Borgraef v. Knights of Honor*, 22 id. 127; *Morgan v. Durfee*, 69 id. 469; Proffat, Jury Trials, secs. 351–354; *Braunsdorf v. Fellner*, 76 Wis. 1.

For the respondent there was a brief by *Hicks, Phillips & Kelsey*, and oral argument by *M. C. Phillips*.

COLE, C. J.   It is claimed that it was error for the court to allow the depositions of Paige and Ransom to be read in rebuttal against the defendants' objection.   It is said they did not tend to repel or disprove any fact or statement adduced on the part of the defendants, but were merely cumulative evidence to that which the plaintiff had already given on the opening of his cause.   The material parts of these depositions related to the price of the castings and machine-shop work and the size of bull-wheel gear in general use in saw-mills of average capacity.   These points were surely in issue under the pleadings, and evidence relating to them was given on both sides.   It was a matter within the discretion of the trial court to allow the depositions to be read as rebutting evidence.   The reading of the irrelevant portions of the depositions could not have

Barnes vs. Stacy and another.

prejudiced the defendants either by distracting or confusing the minds of the jury as to the real questions to be determined. We think they were harmless. Certainly they afford no ground for the reversal of the judgment.

In the case there were twenty-five questions submitted for a special verdict. We infer from the bill of exceptions that those questions were submitted at the request of counsel for the respective parties. Some of these questions may relate to points not very material to the proper decision of the cause, but they were generally answered positively or impliedly in favor of the plaintiff's contention. The defendants, by their counsel, moved to set aside the verdict and grant a new trial on the ground that the answers given by the jury to the second, third, eighth, ninth, tenth, eleventh, twelfth, fourteenth, seventeenth, eighteenth, nineteenth, twentieth, twenty-third, and twenty-fifth questions submitted were against the evidence. This motion was denied, and the ruling of the court in that respect is the second error assigned for a reversal of the judgment.

We will say, generally, in regard to the findings of the jury, that there is evidence in the case to sustain each answer. This, it appears to us, cannot be successfully controverted. The important question was whether the plaintiff performed his contract by having his work or materials ready for shipment within the thirty days from the 21st of June, 1887. The plaintiff testified positively that he was ready to ship the machinery he undertook to furnish on the 21st of July, and so notified the defendants, and that they answered, directing him to hold the car of machinery until more machinery was ready for shipment. This undoubtedly referred to machinery which the plaintiff furnished outside the written contract, and which was ordered by the defendants from time to time. The correspondence between the parties, which was introduced in evidence, tends to show that the delay in the shipment of the ma-

chinery was not the fault of the plaintiff. In their letter of July 24, 1887, the defendants ordered some castings, and say, in effect: "When all are ready to ship let us know, as we want to put on some other machinery. Wait, so as to ship it all together." We infer their object was to save freight by having a car filled with machinery. But, in view of the testimony, it is incorrect to say that the answer to the second question is not supported by the evidence. Whether it is contrary to the weight of testimony we do not stop to inquire. It is sufficient that there is ample evidence to sustain it. So the fact that the plaintiff furnished the machinery described in the written contract within the time specified must be deemed to be conclusively established by the verdict, which must stand. The jury also found that the plaintiff did the work to be performed by him under the written contract in a good, workman-like manner; that the machinery was received by the defendants August 11, 1887; and that the defendants were not delayed in the completion of their mill through any default of the plaintiff. (Answer to tenth, eleventh, and twelfth questions.) Beyond controversy there is evidence to sustain these findings also; and this disposes of the first counterclaim.

As to the second counterclaim, that the bull-wheel which was furnished was not of adequate strength and material for the use intended, and that the defendants suffered damages in consequence of its breaking, the jury say it was of adequate strength of material for the use intended. (Answer to the twenty-third question.) There is testimony from which the jury might have found that the defendant Towle selected the bull-wheel himself, and, of course, took the chances on its being heavy enough for the use intended, or that it was loaded too heavily, and that this was the cause of its breaking. But there was testimony that it was of the weight and size in general use in mills of average

capacity, and the jury found that it was of adequate strength of material.

In answer to the twenty-fifth question the jury found generally for the plaintiff, assessing his damages. The question was, of course, in the nature of a general verdict, finding all controverted issues in favor of the plaintiff, and could, in the discretion of the trial court, be united with the special verdict. That practice is frequently adopted, and we perceive no valid objection to it. It often obviates the necessity for another trial, where the special verdict does not cover all the issues or controverted points.

The intelligent counsel for the defendants refers to the rule observed by this court, not to disturb the verdict of a jury where there is testimony to support it. But he suggests that in the present case the verdict bears such *indicia* of passion, prejudice, or gross ignorance that it does not come within the rule. We have carefully examined the evidence as set forth in the bill of exceptions, and find nothing which justifies the conclusion that the jury was influenced by any improper motive in finding the verdict they did. On the contrary, the proceedings on the trial seem to have been regular, and there is no ground for assuming that the verdict was not the result of calm and deliberate consideration and honest judgment. So far as the record discloses, the entire evidence was weighed by the jury, and each question answered according to satisfactory evidence. The testimony on some material points was conflicting, but it is impossible to say that the facts were not properly determined, or that the verdict was not honest, and in accord with a conscientious and intelligent judgment. On the whole record, we see no sufficient reason for disturbing the judgment, and it is therefore affirmed.

*By the Court.*— The judgment of the circuit court is affirmed.